UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
STEPHEN JOHN CASEY, SR.,            )
                                   )
    Petitioner,                     )
                                   )
v.                                  )   Civil Action No. 04-11940-PBS
                                   )
STEVEN O'BRIEN,                     )
                                   )
    Respondent.                     )
_____)

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION TO DISMISS

The Respondent, Steven O'Brien, in his capacity as Superintendent of the North Central Correctional Institute at Gardner, Massachusetts (the "Respondent"), hereby submits this Memorandum of Law in support of his Motion to Dismiss (the "Motion").[1] The Habeas Corpus Petition (the "Petition") of Petitioner Steven John Casey, Sr. (the "Petitioner") cannot be entertained, because the Petitioner has failed to satisfy the statutory requirement that he first exhaust state remedies.[2]

---

[1] Pursuant to this Court's Order dated November 10, 2004, filed herewith is an Appendix containing documents relevant to the issue of whether the Petitioner previously exhausted available state remedies with respect to the matters raised by his Petition. The offering of such documents does not imply that the Respondent considers the Petitioner to have exhausted state remedies. In fact, the Respondent takes a position to the contrary, as explained herein.

[2] Since the petition must be dismissed for the grounds stated herein, the Respondent does not address herein the merits of the Petition. Should this Court rule that the Petitioner may proceed with his habeas corpus action, the Respondent respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition.

## BACKGROUND

The Petitioner is currently an inmate at the North Central Correctional Institute at Gardner, Massachusetts. (Petition.) On December 17, 1998, he was arraigned under the name "Steven Casey" in the New Bedford, Massachusetts, Superior Court (the "Superior Court") on charges of rape of a child, indecent assault and battery on a child under the age of fourteen years, and assault with intent to rape of a child under the age of sixteen years. (First Superior Court Docket, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit A.)[3] The victim was his nephew. See Commonwealth v. Casey, 442 Mass. 1, 3, 809 N.E.2d 980, 982 (2004). On October 29, 1999, he was convicted by a jury on the rape charge and the indecent assault and battery charge. (Id.) He was sentenced to serve between four and six years in the Massachusetts State Prison on the rape charge, followed by five years on probation on the assault and battery charge. (Id.) He was also ordered to pay $60 to the Victim Witness Assistance Fund and a $45 per month probation fee. (Id.) The assault with intent to rape charge was nolle prossed on December 30, 1999. (Id.)

On October 25, 1999, he filed a Notice of Appeal to the Appellate Division of the Superior Court for a review of his sentence. (Id.) He also filed a Notice of Appeal on November 10, 1999 in which he stated that he was "appeal[ing] the finding of the Bristol County Superior Court on October 13, 1999, wherein he was convicted before Hurd, J." (First Superior Court Docket; Petitioner's Br. to Appeals Court/SJC, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit E, at A118.) On or about July 13, 2000, he withdrew his petition for a review of his sentence. (First Superior Court Docket.)

---

[3] The Petitioner also pled guilty to sexual abuse charges in the Brockton, Massachusetts, Superior Court on February 25, 2000. His Petition makes reference to, but does not appear to be

2

It was not until March of 2002 that the Petitioner took additional steps in furtherance of state review of his 1999 conviction. (Id.) Specifically, on March 25, 2002, he filed a motion in the Superior Court to compel production of his trial transcripts. (Id.; Second Superior Court Docket, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit B.) The Petitioner commenced proceedings before the Massachusetts Appeals Court (the "Appeals Court") on June 19, 2002, but he secured multiple stays of the proceedings as he pursued a motion to correct the record and a motion for a new trial in the Superior Court. (Appeals Court Docket, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit C.)

His Motion for a New Trial was filed on April 18, 2003. (Second Superior Court Docket.) In that motion, he argued that his conviction should be set aside on the grounds that an alternate juror was briefly present in the jury room at the start of deliberations, the victim reportedly smiled and made gestures toward jurors and spoke to the alternate, and the Petitioner did not receive the effective assistance of counsel. See Casey, 442 Mass. at 2, 809 N.E.2d at 982. His motion was allowed on July 22, 2003 (Second Superior Court Docket), based solely on the alternate juror's presence in the jury room, see Casey, 442 Mass. at 2, 809 N.E.2d at 982. On August 14, 2003, the Commonwealth filed a motion to reconsider, which was denied on August 21, 2003. (Second Superior Court Docket.)

The Commonwealth then appealed the allowance of the new trial motion and the denial of its motion to reconsider. See Casey, 442 Mass. at 2, 809 N.E.2d at 982. The Petitioner filed a cross-appeal, which in part advanced those arguments raised in his new trial motion but not

---

challenging, that conviction. (Petition ¶ 1 (listing New Bedford Superior Court as court that entered judgment of conviction under attack).) It is thus not addressed herein.

addressed in the Superior Court's decision. See id. at 2-3, 809 N.E.2d at 982. The Petitioner contended as follows:

> (1) the victim engaged in conduct during trial that improperly influenced the jury, and counsel was ineffective for failing to address adequately that conduct; (2) the weight of the evidence does not support a conviction because the victim had a motive to accuse the defendant falsely and gave inconsistent accounts; and (3) defense counsel's failure to investigate whether the victim suffered from a bipolar mental disorder amounted to ineffective assistance of counsel.

Id. at 3, 809 N.E.2d at 982. On January 23, 2004, the appeal was transferred to the Supreme Judicial Court of Massachusetts (the "SJC") on its own motion. (SJC Docket, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit D.) In a June 3, 2004 decision, the SJC vacated the Superior Court's order allowing a new trial and reinstated the Petitioner's convictions. Casey, 442 Mass. at 3, 809 N.E.2d at 982.

The Petitioner filed the instant Petition on September 13, 2004. His statement of grounds for his Petition included allegations that he failed to receive the effective assistance of counsel, that a witness perjured himself, that the Commonwealth unlawfully induced him to plead guilty in another case, that his right to be free from double jeopardy was violated, that the SJC "[s]haded facts in [their] ruling to imply truths that were not in the record," and that he has been punished pursuant to an unconstitutional ex post facto law. (Petition ¶ 12.)

## ARGUMENT

### The Petitioner failed to satisfy the statutory requirement that he exhaust state remedies prior to filing his Petition.

The Petitioner is barred from pursuing this action because he failed to satisfy the statutory requirement that he exhaust his state remedies prior to filing his Petition. This exhaustion requirement is codified at 28 U.S.C. § 2244, which provides in relevant part as follows:

4

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, Title I, § 104, 110 Stat. 1218 (effective April 24, 1996).

The exhaustion requirement is primarily designed to promote comity in our system of federalism, as the U.S. Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950), overruled in non-relevant part by Fay v. Noia, 372 U.S. 391 (1963)); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) ("The exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."); Nadworny v. Fair, 872

F.2d 1093, 1096 (1st Cir. 1989) (explaining that exhaustion requirement embodies "the federal sovereign's respect for the state courts' capability to adjudicate federal rights"); Mele v. Fitchburg Dist. Court, 850 F.2d 817, 819 (1st Cir. 1988) (noting that exhaustion requirement "ensures that state courts have the first opportunity to correct their own constitutional errors," enables federal courts to accord appropriate respect for state sovereignty, and promotes comity by minimizing friction between federal and state justice systems). An additional benefit of the requirement is that "claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." Rose, 455 U.S. at 519.

In light of these important purposes, a petitioner will not be found to have satisfied the exhaustion requirement unless each and every claim in his petition has been exhausted. See id. at 510, 518-20. This rule is designed to encourage petitioners to exhaust all claims and present the federal court with a single petition, rather than piecemeal litigation. Id. at 520. It also "relieve[s] the district courts of the difficult if not impossible task of deciding when claims are related," and it reduces the risk that they will consider unexhausted claims. Id at 519.

A claim will only be found exhausted if both its factual and legal bases have been presented to state courts. See Nadworny, 872 F.2d at 1096 (stating that state prisoner must present both factual and legal underpinnings of claim to state courts for exhaustion requirement to be found satisfied); see also Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (noting that "setting forth the factual underpinnings of a claim is insufficient, in and of itself" as the "petitioner must also elucidate the legal foundation of his federal claim"). Moreover, it is not sufficient for a petitioner to raise his federal the claim merely through a motion in state trial court or even an appeal to an intermediate court. Rather, he must "present, or do his best to present,

6

his federal claim to the state's highest tribunal." Adelson, 131 F.3d at 263; see also Mele, 850 F.2d at 819-20 (stating that it has long been the rule that power of highest state court must be exhausted before federal court will consider questions posed in habeas petition; affirming that "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal"; and noting that Massachusetts petitioner was obliged to try to bring his constitutional objections before SJC to preserve them for federal habeas review). Thus, "a habeas petitioner bears a heavy burden" to show that his claims were "fairly and recognizably presented to the state courts." Adelson, 131 F.3d at 262.

The Petitioner here has not met this burden, because he has failed to exhaust at least four of the claims in his Petition. The first such claim is that the circumstances of his trial and conviction led to a situation where he was unlawfully induced to plead guilty in another case. (Petition ¶ 12.B.) The second is that, as a result of the foregoing, his right to be free from double jeopardy was violated. (Petition ¶ 12.B.) The third claim is that the SJC "[s]haded facts in [its] ruling to imply truths that were not in the record," specifically regarding the age of his victim when the abuse began. (Petition ¶ 12.C.) The fourth new claim is that he has been punished in violation of the prohibition on ex post facto laws and the collateral legal consequence doctrine. (Petition ¶ 12.D.) None of these were presented to the SJC. (Petitioner's Br. to Appeals Court/SJC.) See also Casey, 442 Mass. at 3, 809 N.E.2d at 982. Thus, even if the Petitioner exhausted certain claims through his state appeal, he could not be found to have exhausted all of the claims advanced in his Petition.

The Petitioner's failure to exhaust was not excused by application of any statutory alternative to exhaustion. As in Mele, the Petitioner has not argued and cannot argue that there is

an absence of state collateral procedures available to permit him to raise his federal claims. 850 F.2d at 824 (stating that court was unaware of any lack of available procedures in Massachusetts, and noting that "Massachusetts provides a broad panoply of procedures for post-conviction challenges to the validity of criminal sentences"). He also cannot maintain that any such assertion of federal claims in state court would be futile, and "it would be presumptuous . . . to conclude that [the Petitioner] is barred from seeking such relief when he has never endeavored to pursue it." Id.

In light of the Petitioner's complete failure to exhaust state remedies and inability to invoke any statutory exception, dismissal of the Petition at issue is warranted. See, e.g., Rose, 455 U.S. at 510 (affirming that statutory scheme requires dismissal of petition containing nonexhausted claims); Duckworth, 454 U.S. at 4 ("Because obvious constitutional errors, no less than obscure transgressions, are subject to the requirements of § 2254(b), the Court of Appeals was obligated to dismiss respondent's petition.").

## CONCLUSION

For the foregoing reasons, the Motion should be allowed, and the Petition should be dismissed in its entirety.

                                              Respectfully submitted,

                                              THOMAS F. REILLY
                                              ATTORNEY GENERAL

                                              Randall E. Ravitz (BBO # 643381)
                                              Assistant Attorney General
                                              Criminal Bureau
                                              One Ashburton Place
                                              Boston, Massachusetts 02108
                                              (617) 727-2200, ext. 2852

Dated: December 24, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on December 24, 2004, by first class mail, postage prepaid, upon:

Stephen John Casey, Sr.
W-67232
North Central Correctional Institute
500 Colony Road
P.O. Box 466
Gardner, MA 01440

pro se

_____
Randall E. Ravitz