# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action
No: 04-11940-PBS

STEPHEN  JOHN  CASEY, SR.,
Petitioner,  Appellant

v.

STEVEN  O'BRIEN,
Respondent,  Appellees

**The petition for Writ of Habeas Corpus filed on:** September 13, 2004

PETITIONER'S  BRIEF

Stephen John Casey, Sr.,  Pro-Se

An Inmate at: The North Central Correctional Institute at...
500 Colony Road
P.O. Box 466
Gardner, Massachusetts 01440

January 27, 2005

TABLE  OF  CONTENTS

Table of Authorities..........................................i

Issues Presented............................................ii

Background...................................................1

Argument(Double Jeopardy)....................................3

Argument (Perjury)...........................................**8**

Conclusion, relief sought...................................15

Petitioner's Appendix (Exhibit A)...........................16

**PLEASE NOTE:**  **It is the Petitioner's intent for this court to**
**read and include into, as part of the Petitioner's brief the**
**Brief of Appellee/Cross - Appellant...**

        The Petitioner to save time and reproduction costs of
obtaining such, points out and uses such copy which was/is
included in the Respondent's Motion to Dismiss, Appendix, which
is marked as Exhibit E in Respondents Motion, and Petitioner's
instant Brief.

## TABLE  OF  AUTHORITIES

Petitioner notes to save time and cost [H]e reffers to the
**Respondent's Exhibit E,** marked as Appellee/Cross-Appellant,
along with [H]is own Ehibit A ( Petitioner Appendix Page 16),
all cases sited in such, and the following:

Commonwealth v. Casey, 442 Mass. 1,.........................2

Witte v. United States, 515 US 389,........................3

Black Law's Dictionary.....................................8

M.G.L.A., c.268 §1,........................................9

Comm. v. Casey (above).....................................11

Kettleman v. Atkins, 229 Mass. 89,.........................12

Commonwealth v. Saferian, 366 Mass. 89,....................13

Kansas v. Hendricks, 138 L Ed 1069,........................14

## ISSUES  PRESENTED

The petitioner notes here, that due to his confinement at the
North Central Correctional Institute, at Gardner, Massachusetts,
and conditions and policies of such, the only copy of the Pe-
tition that was filed that Petitioner had, has been mis-placed
or taken during a routine shakedown,  Therefore the Petitioner
states that the only issues the Petitioner will try to raise in
this Brief, are those that were presented to and denied by the
Massachusetts Supreme Court (SJC), and Petitioner further states
that all arguments are interrelated and connected issues,and re-
main the same as were in front of the SJC.

      I.   Was the Trial Court's reversal of the De-
          fendant's convictions and ordering of a new
          trial supported by the alternate juror's
          presence in the jury's deliberations?

     II.   Did the complaintant's attempts to influence
          the jury when he knew they were leaning to-
          wards acquittal by performing for them and
          speaking to an alternate prejudice the Defen-
          dant and violate his Constitutional Rights
          to a fair trial under Article 12 of the
          Massachusett Declaretion of Rights and the
          Sixth and Fourteenth Amendments of the
          United States Constitution?

III.  Did the Commonwealth's evidence rely on a
      complaintant with a strong motive to fabri-
      cate and who's conflicting stories reflect
      a lack of truthfulness (Perjury), as well
      as the possibility that he suffers from a
      bipolar disorder like his brother (step)?

IV.  Did Double Jeopardy attach?  Was perjured
     testimony relied on to convict? And is Peti-
     tioner subject to ex post facto , and the
     Collateral Legal Consequence claims?

## BACKGROUND

### The Habeas Corpus Petition (the "petitioner") of:

#### STEPHEN JOHN CASEY, SR.

The Petitioner is currently an inmate at the <u>North Central</u>
<u>Correctional Institute,</u> at Gardner, Massachusetts.  On December
17, 1998, [H]e was arraigned in New Bedford, Massachusetts (the
Bristol County Superior Court), after a S.A.I.N. interview was
done at the New Bedford Child and Family Services Clinic.  As a
result of that interview, Bristol County came forth with indict-
ments charging the Petitioner with:

> **Rape of a Child w/Force, and**
> **( 1) indecent Assault & Battery on a**
> **Child under Fourteen**

Bristol County indictments
charged on "differ times on or about, December 1, 1990 to August
31, 1998"  On or about the same time the petitioner was also
charged in the Brockton Superior Court (Plymouth County), with in-
formation taken from the S.A.I.N. interview mentioned above.  The
charged time period for Plymouth County was, "on differ times be-
tween January, 1991 to September, 1998, and charges were:

> **Rape and Abuse of a Child,**
> **(2) Indecent Assault & Battery under 14,**
> **(1) Indecent Assault & Battery after 14.**

The victim has been identified in several documents as the nephew of the Petioner.  The Petitioner had the same Attorney in both counties, and both cases, along with post trial motions, were heard by the Honorable Judge Richard Chin.

The Petioner was convicted on October 20, 1999 in the Bristol County trial, before a jury with Chin,J. presiding during the entire trial which was conducted on October 14, 15, 19, and 20, 1999. The Petitioner was convicted on Indictment # 9873CR0421, of the lessor offence of Rape and abuse of a child, and indecent assault and battery on a child under the age of fourteen. (G.L. c.265 §23-and c. 265 §13B).  The petitioner filed a notice of appeal on November 10, 1999.

On February 25, 2000, four months after [H]is conviction in Bristol County, the petitioner plead guilty in Plymouth County (Brockton Superior Court), with Chin,J. preciding to the four indictments from Plymouth.    The Petitioner filed a motion to withdraw [H]is guilty pleas in Plymouth on Apr.17, 2003. The motion was heard on May 23, 2003 by Chin,J. at the same time and along with a new trial motion for Bristol's conviction(s). Petitioner's motion for a new trial was allowed on July 22, 2003 and [H]is request to withdraw [H]is guilty pleas in Plymouth were denied.  Commonwealth appealed the allowance of a new trial, the Petitioner appealed the Plymouth deniel, along with other issues not reached.

see "Respondent's motion to dismiss
Civil Action # 04-11940-PBS  (Appendix)

The Appeal was transferred to the Supreme Judicial Court of Massachusett, (the "SJC"), on it's own motion, January 23, 2004. In a June 3, 2004 decision, the SJC vacated the Superior Court's Order allowing a new trial and reinstated the Petitioner's convictions.

<u>Casey</u>, 442 <u>Mass</u>. 1,   809 <u>N.E</u>. 2d at 982

The Petitioner filed the instant Petition on September 13, 2004.

( 2   [A] )

## ARGUMENT

## 1.   Right to be free from double jeopardy was violated:

Petitioner will refer to Appendix submitted in **RESPONDENT'S APPENDIX, ACCOMPANING HIS MOTION TO DISMISS,** IT IS THE Petitioner's believe thet this will save time, and cost and allow for a more efficient petition review. Petitoner will mark as such, (R-Exhibits A-G), and refer to [H]is own Appendix as such, (P-Exhibits A...).

The Double Peopardy Clause provides:  "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb..."   Although this may be generally understood to preclude a second prosecution for the same offense, (which the Petioner argues seems relevant in this case), the Courts have also interpreted this prohibition to prevent the State from punishing twice or attempting a second time to punish criminally for the same offense.

**Witte v. United States, 515 US 389, 396,**
**132 L Ed 351, 115 S Ct. 2199 (1995)**

The Petitioner will now point to:

**Petitioner's Exhibit A,**
**Massachusetts Supreme Court oral**
**arguments (April 5, 2004)**

( 3 )

(S.J.C.) [Page 3, line 12- 17], where it states; "There are
two cases consolidated here this morning, one arising from the
Defendant's conviction in Bristol County, for raping a child,
and indecent assault and battery on a person under fourteen. The
other is from the Defendant's guilty plea to the same charges in
Plymouth County."   The Petitioner wishes to point out a pattern
of "same charges" throughout different Briefs and Court tran-
sripts all through this instant case, Therefore the Petitioner
claims the elements for Double Jeopardy have been met.   Petitoner
now points to;

**Petioner'S Exhibit A,**
**Defendant's Attorney Lewis...**

Page 14, line 19...Mr. Lewis Yes. May I please
the Court? I represent **Mr. Casey**, on both of these cases.
Page 27, line 4 ... (Lewis), " I'm going to turn to the, if there
are no more questions, I'll turn to the Plymouth matter."

**Petitioner's Exhibit A,**
**The Court (S.J.C.)**

Page 27,
line 12-14,... "um, if we conclude that the New Trial should not
have been granted in the Bristol case, then this second case would
become moot.  Is that correct?".

**Petitioner's Exhibit A,**
**Defendant's Attorney Lewis...**

( 4 )

(Lewis),  "I think procedurally this is a unique case, just because of the interrelationship of the two cases.  There virually identical cases.  I mean, it's the same judge, the trial lawyer, common charges, common complainant, very similar.

Page 27, line 19..." ...in this case it ends up, the trial court ends up having one hearing for both cases, and is issuing one Order for both cases."

The Petitioner has noticed in the Respondent's Motin to Dismiss, [page 7], they argued the "Petitioner" has not exhausted [H]is burden (Petition ¶12.B.) his right to be free from Double Peopardy.  Petitioner argues [H]e has been unable to argue before any Court, and has been instead defended by Attorneys, but nevertheless, the Records, Briefs, and Transcripts speak for themselfs and Double Jeopardy seems apparent throughout.  Therefore the Petitioner now argues the S.J.C. had the clear facts and issues before them and a Defendant/Petitioner should not had been needed there to point these issues out. As a result the highest Court has had there chance, now the petitioner has filed the Habeas Corpus. The Petitioner now goes on to argue that the inferior Courts had these issues before them and records show just that, namely:

### Respondent's Appendix Exhibit E,
#### (Brief of Appellee/Cross-Appellant)

Page 1,  A. Introduction,  "...the two cases are closely related." " The cases share the same defendant, an alleged complainant and crimes charged.

( 5 )

"The same defense Counsel represented the Defendant in each trial case.  The same judge presided over both cases as well as the post trial motions in each: there is a single transcript from the combined post trial hearing.  The sentences for the two cases are indentical and are running concurrent.".

Page 2,   " The close relationship betwreen the cases means that what occurred at the Bristol Trial - the first case to be resolved, directly influenced the course of the second case, (Plymouty).  The Bristol facts place the Plymouth issue in context.".

Now Petioner points to [H]is indictments...

### Respondent's Exhibit E,
### (Attachment page 4)

[B]ristol

Indictments - "...Differs times from on about December 1, 1990 to on or about August 31, 1998..." **(Attachment page 23)**, [P]lymouth Indictments,  "... in or between January 1991 and September , 1998."

Now Petitioner points to [H]is Affidavit:

### Respondent's Exhibit E,
### (Attachment page 30, Affidavit)

#2.    " On February 25, 2000, I plead guilty to several charges pending against me in Plymouth Superior Court.  The Plymouth charges involved almost exactly the same alleged offenses, victim and time period as the Bristol County convictions.".

#3.    " After pleading guilty in Plymouth County, Judge Chin

sentenced me to an identical 4-6 year sentence and probation
period I recieved in Bristol County.  Judge Chin ran the Ply-
mouth sentence and probation concurrent with the Bristol sen-
tence and probation.  I also did not believe that I recieved
a fair trial in Bristol County and therefore did not see the
point of going through another trial.  I watched A.V. tell dif-
ferent versions of [H]is story to the department, to the police,
at Probable Cause hearing, and then at trial without [H]im be-
ing charged with perjury.  I was never informed of the possi-
bility of an Alford plea...".

    Petitioner argues that the perjury just mentioned leads
to [H]is petition claim " that circumstances of [H]is trial
and convictin led to a situaction where [H]e was unlawfully
induced to plead in another case. (Petitioner will return to
that argument later in this Brief.

(Respondent's Motin to Dismiss...<br>page 7...)

    Now Petitioner in his continued argument will point to
the record at:

Respondent's Exhibit E,<br>(Attachment page 119)

            This document is the **Memorandum of Decission and
Order on Defendant's Motion for New Trialand Motion to Vacate a
Previously Entered Guilty Plea**, ( by Justice of the Superior Court
, Richard J. Chin).    Petitioner wishes to note, at the top left
corner of this document how it is marked:**Plymouth and Bristol,ss.**,

.

and argues that taken as a whole, whereas it seems even the
Courts could not separate and rule singley on these two cases
many of the times, not only should Double Jeopardy begin to
attach, but any Constitutional Right to a fair trial is next to
impossible.  The Petitioner further argues the only commonsense
reason for the Commonwealth to not have ran these cases as one,
would be to support an otherwise weak case and give [T]hem two
bites of the apple.  Petitioner's righrt to have a defense at
trial was impossible due to duplicitous charges, and as auch a
choice of accepting a plea, or going through another trial amount-
ed to a  "unlawfully induced plea".


### ARGUMENT

### Did perjurious testimony result in circumstances (at trial), and conviction lead to a situation where [H]e was unlawfully induced to plead guilty in another case?

> Perjury – The act or an instance
> of a person's deliberately mak-
> ing false or missleading state-
> ments while under oath.
>
> see Black's Law Dictionary
> $_0$8th Edition

"Perjury –  Whoever, being lawfully required to depose the

truth in a judicial proceeding or in a proceeding in a course
of justice willfully swears or affirms falsely in a matter
material to the issue or point in question, or whoever, being
required by law to take oath or affirm action, willfully swears
or affirms falsely in a matter relative to which such oath or
affirmation is required, shall be guilty of perjury.

M.G.L.A. c.268 Z1

(also see 18 USCS §1621 Perjury)

The Petitioner is relying on what is in the Record, not the
Respondent's view of it, that must control any decission in this
matter.  The prohibition on facts found outside the record is
designed to ensure the reliability of the evidence before the Court.
Though the Respondent's "Motion to Dismiss", argues I'm raising
issues the Massachusetts Courts have not had the opportune to
hear or address, the Petitioner argues that all issues now
being raisedwere before the Court every step of proceedings,or
happened in or during the course of the (Bristol) Trial, and have
sinced either been arged by the Defendent/Petitioner, or were a
clear part, interrelated in arguments in relations to appeals
related in this case, and as such are included in transcripts
and briefs, which both Couties rely on for information reported
by or testified to by the same main witness.  Petitioner argues
now before this Court that all issues raised in this Petition, or
any issue in previous appeals in said instant case are affected
by said same perjurious testimony(s).

Petitioner now directs the Courts attention to:

**Respondent's Exhibit E ,**
**(Attachment page 56)**
**Transcripts of Probable Caurse**
**Hearing**

Page 56, Line 4, Witness/victim states for first time under oath,
the first time [H]e remembers anything happening was at nine
years old.  (Page 63), Again [H]e states first time these inci-
dents happened was at nine years of age. (Page 65) [H]e states the
last time anything happened was when [H]e was thirteen years old.
ON (page 66) [H]e denies ever telling police or anyone that this
stuff was happening to [H]im since [H]e was one years old. [H]e
denies telling police [i]t started when [H]e was three years old,
yet [H[e did recall having the meetings.  (on page 67), [H]e
states they(my wife and I), lived on Holly Street, yet [H]e was
not yet born to know that, and my wife and I had moved out of
"Holly Street", before [H]e was born .

Petitioner now points to the Bristol Trial transcripts,
which the Petitioner does not have in there complete package, and
there would be a hardship for [H]im to ontain such, in time to
include entire transcripts onto Petitioner's Appendix Brief, in
the alternative Petitioner will refer to parts included in the
Respondent's motion to Dismiss, and now directs the Court to:

**Respondent's Appendix Exhibit E,**
**(Brief of Appellee/Cross-Appellant)**

Page 7, (D)- "The complainant stated at trial that he had been
six years old when the first incident with the defendant occurred.

[t2:121, in. 17], [H]e denied saying at other times that he was one, three, or nine when the abuse began." The Petitioner argues that in the S.J.C. Decission, on page 8 (footnote3) the Court states; " In his motion for a new trial, the Defendant stated that the victim made inconsistent statements..."

## Comm. v. Casey
## 442 Mass.1, 8 (2004)

Petitioner

argues that that would suggest a shading of facts (Respondent's Motion to Dismiss, page 7..."SJC [s]haded facts in [it's] ruling to imply truths that were not in the record"), and that the record meets the requirement for perjury under M.G.L.A., and can not be brushed off as meer "inconsistent statements". Also, on page 8 of the SJC Decission, the Court states (#4) "The defendant asserts that "the Commonwealth's evidence relied on a [victim] with a strong motive to fabricate and [whose] conflicting stories reflect-ed a lack of truthfulness." The petitioner again states it would seem this is shding facts, when perjured testimony is refered to as "conflicting stories" or " reflecting a lack of trurhfulness", when does non-truth become perjury? The Petitioner also argues that in all reprts, hearings, and trial, the victim never told the same story, or statement of fact twice. The Petitioner argues this would take away any expectations of a fair trial in any County , nonetheless a continuing County where the main witness the Petitioner would constitutionally have a right to face was now use to changing stᵭries under oath at will.

( 11 )

Though credibility is a issue for the jury to decide

**Kettleman v. Atkins,**
**229 Mass. 89, 92 (1918)**

the Petitioner

argues there has to be a line where credibility cross over and becomes a incident(s) of perjury, or any type of story could be told or testfied to a unsuspecting jury,and no crime would be commited if the [J]ury did not catch it?

The Petitioner prays this Honorable Court will allow the Petitioner's Appellee /Cross- Appellant Brief...

**Respondent's Exhibiet E,**
**Appendix**

to become a direct part of this brief to save time and cost in duplicating the same arguments the Petitioner wishes to point out. All other interrelated issues and arguments are either interconnected to said brief, and Petitioner's included Appendix brief of SJC oral arguments and decciosn resulting there from. The petitioner argues that when all such included documents are taken as a whole and given there fair weight, the issues the Petitioner raises 6f Double Jeopardy, Perjured testimony, ex post facto, and collateral legal consequence apply.

The Petitioner argues that there was a clear showing that the jury was exposed to extraneous matter, and a mis-trial as the trial judge so ordered was the only fair remedy.

The Petitioner argues the conduct of the victim at a cri-
minal trial in gesturing and smiling to jurors, the limit
of what we did know, did amount to an unwarranted intrusion
constituting an extraneous influence on the jury. Though
the Petitioner notes it is mentioned in several documents of
the victim appearing to look much younger than his actual age,
we cannot pry into the minds of the jurors to speculate on
how the victim "appeared", but must instead rely on the facts
that are before us on the record. The victim/ witness was well
over having obtained the age of fourteen, and had taking a
special test to gain entrance into the very Vocational High
School, [H]e himself testfied he was doing good in grades.
Therefore a year later at trial this very same witness had now
obtained the age of fifteen and was well into his second year
of Vocational Trade School.  The Petitioner argues that when
the SJC uses staements such as, "...which could have been
viewed as nothing more than innoccuous childlike behavior..."
they [SJC[ have done nothing less than shade the facts to imply
what is not a part of the record.  Petitioner argues that
this allowence of perjury, by excusing such as a "child" fur-
ther takes from the Petitioner available grounds for defence.

<u>Commonwealth v. saferian,</u>
**366 Mass. 89, 96 (1974)**

The petitioner further argues that since his sentence, the
Massachusetts Legislature has added laws (ex post facto) that
add to his ~~sence~~ order of having to register as a sex offen-
**sentence**

der by now so ordering Petitioner under law to pay a register
fee of $75.00, and thereafter every year a additional re-
registering update fee of $75.00. The Petitoner argues that
the Civil Commitment scheme is in fact punishment under;

### Kansas v. Hendrick's
### 138 L Ed 1069

and that

the Massachusetts Legislator has added punishment since the
crimes the Petitioner argues against were  commited and that
from which [H]e was convicted. There is no way to argue the
tempory holding of the Petitioner (to appeal) can be voided
with out holding of such, in a Massachusetts Prison, disquised
as a treatment center, with no option of bail, which the Peti-
tioner argues is additinal punishment.  The average length
of Civil Commitments in Massachusetts is 17 years, and any
safeguard of yearly reviews would as such point to a punish-
ment shceme and not civil for treatment. The psychological
evidence upon which SDP designations typically rest is not
reliably predictive. The Massachusetts Legislator changed
the group of intended target by the recent inclusion of
any crime where the totality of the facts suggest a sexual
motivation. Though the United States Supreme Court has often
ruled civil schemes to be constitutional, by so changing the
said target group opens new issues of constitutuionallity,
and whether indeed the act is now additional punishment.

( 14 )

**IN CONCUSION, AND RELIEF SOUGHT,** FOR ALL THE FOROING REASONS
the Petitioner agues that [H]e is indeed being held against
[H]is Constitutional Rights, and is continued with additional
punishment in violation of ex post facto, along with convic-
tions which rely on Double Jeopardy and perjured testimony
to hold.  Therefore the Petitioner praya this Court will Order
[H]is imediate release, and vacate [H]is convictin(s).

Respectfully Submitted,

Stephen John Casey, Sr.,        Pro-se
North Central Correctional Institute
500 Colony Road  P.O. Box 466
Gardner, Massachusetts 01440

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above brief was
served on January, 2005 by first class mail, postage prepaid,
upon:

Randall E. Ravitz (BBO# 643381)

Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusett 02108

DATED __Jan 26, 2005__

By Stephen J. Casey, SR.
Pro-Se

P E T I T I O N E R ' S

## **EXHIBIT A**