**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **STEPHEN JOHN CASEY, SR.,** <br> **Petitioner,** <br> **v.** <br> **STEVEN O'BRIEN,** <br> **Respondent.** | **Civil Action No. 04-11940-PBS** |

**RESPONDENT'S ANSWER TO PETITION**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases ("Rule 5"), Respondent Steven O'Brien (the "Respondent"), hereby answers the Habeas Corpus Petition (the "Petition") filed by Petitioner Stephen John Casey, Sr. (the "Petitioner"),[1] as follows.[2]

1. The Respondent admits the allegations contained in Paragraph 1 of the Petition.

2. The Respondent denies the allegations contained in Paragraph 2 of the Petition.

3. The Respondent admits the allegations contained in Paragraph 3 of the Petition.

---

[1] Filed herewith is the Respondent's Rule 5 Appendix Accompanying his Answer, as well as the Respondent's Memorandum in Opposition to Petition (the "Respondent's Memorandum"). The filing of this Answer should not be construed as a waiver of any of the arguments contained in the Respondent's Memorandum or the Respondent's pending Motion to Dismiss, all of which are expressly reserved and incorporated herein.

[2] As discussed in the Respondent's Memorandum, the Respondent opposes the Petitioner's improper attempt to expand the scope of his action through a vague and informal request that his Memorandum in Support of his Petition be viewed as incorporating the arguments advanced in his brief to the Massachusetts Appeals Court and Supreme Judicial Court. As no formal amendment of the Petition has been made, this Answer responds only to the allegations in the initial Petition. The Respondent reserves the right to respond to any additional allegations to the extent that the Court determines that the Petition should be treated as amended.

4. The Respondent admits that the Petitioner was convicted in the New Bedford Superior Court of one count of rape of a child and one count of indecent assault and battery of a child under the age of fourteen years. To the extent that Paragraph 4 of the Petition alleges that the Petitioner was convicted in the New Bedford Superior Court of an additional count of indecent assault and battery, the Respondent denies such allegation.

5. The Respondent denies that the accusers and the time frames at issue in the Petitioner's Bristol County and Plymouth County convictions were identical, and admits the remainder of the allegations contained in Paragraph 5 of the Petition, to the extent that the word "attorney" refers to the Petitioner's defense attorney.

6. The Respondent admits the allegations contained in Paragraph 6 of the Petition.

7. The Respondent admits the allegations contained in Paragraph 7 of the Petition.

8. The Respondent denies that the Petitioner directly appealed his conviction, but admits that the Petitioner moved for a new trial, that he and the Commonwealth filed cross-appeals of the Superior Court's decision on the new trial motion, and that the appeals were decided by the Massachusetts Supreme Judicial Court (the "SJC").

9. The Respondent is without knowledge or information sufficient to form a belief as to whether the hearing on the Petitioner's Motion for New Trial constituted an "Evidentiary Hearing," and therefore denies that portion of the allegations contained in Paragraph 9(b) of the Petition. The Respondent otherwise admits the allegations contained in Paragraphs 9(a) and 9(b) of the Petition to the extent that they refer to the Petitioner's Motion for a New Trial. The Respondent denies the

allegations contained in Paragraph 9(c) of the Petition. The Respondent admits that the Petitioner raised each of the grounds listed in Paragraph 9(d) of his Petition in his Motion for a New Trial and that each of these grounds was presented to the Massachusetts Appeals Court (the "Appeals Court") and SJC by either the Petitioner or the Commonwealth, but denies that the list of grounds is complete. The Respondent admits the allegations contained in Paragraph 9(e)(1) through (e)(3) of the Petition to the extent that they refer to the appeal of the decision on the Petitioner's Motion for a New Trial and the appeal of a decision rendered in the Petitioner's conviction in the Plymouth County Superior Court. The Respondent admits that each of the grounds listed in Paragraph 9(e)(4) of the Petition was presented to the Appeals Court and SJC by either the Petitioner or the Commonwealth, but denies that the list of grounds is complete. Paragraph 9(f) of the Petition contains no allegations. The Respondent otherwise denies the allegations contained in Paragraph 9 of the Petition.

10. To the extent that the Paragraph 10 of the Petition may be read as incorporating the allegations contained in Paragraph 9 of the Petition, the Respondent answers those allegations that have been so incorporated by referring to and incorporating his answers contained in Paragraph 9 above. To the extent that Paragraph 10 of the Petition may be read as alleging that the Petitioner filed a direct appeal of his conviction, the Respondent denies such allegation. The Respondent otherwise admits the allegations contained in Paragraph 10 of the Petition.

11. The Respondent refers to and incorporates his answers contained in Paragraph 10 above in answering the allegations contained in Paragraph 11(a)(1) of the Petition.

Paragraphs 11(a)(2) through (a)(3) of the Petition contain no allegations. With respect to Paragraph 11(a)(4) of the Petition, the Respondent admits that a hearing was conducted on the Petitioner's Motion for a New Trial, but is without knowledge or information sufficient to form a belief as to whether the hearing on the Petitioner's Motion for New Trial constituted an "Evidentiary Hearing," and therefore denies that portion of the allegations contained in that paragraph. With respect to Paragraph 11(a)(5) of the Petition, the Respondent admits that the Petitioner was initially granted a new trial by the Bristol County Superior Court with respect to his conviction in that court, and that the Petitioner's Motion to Withdraw Guilty Plea was denied by the Plymouth County Superior Court with respect to his conviction in that court. The Respondent further admits that the Commonwealth appealed the decision of the Bristol County Superior Court, that the Petitioner filed a cross-appeal concerning that decision, and that the Petitioner appealed the decision of the Plymouth County Superior Court. The Respondent denies the allegations contained in Paragraph 11(a)(6) of the Petition. Paragraph 11(b) of the Petition contains no allegations. The Respondent admits the allegations contained in Paragraph 11(c) of the Petition to the extent it refers to the decision on his Motion for a New Trail in the Bristol County Superior Court. Paragraph 11(d) of the Petition contains no allegations. The Respondent otherwise denies the allegations contained in Paragraph 11 of the Petition.

12.A Paragraph 12.A of the Petition contains one or more conclusions of law to which no response is required. To the extent a response is required, the Respondent states that the transcripts of the Petitioner's probable cause hearing and trial speak

for themselves. The Respondent otherwise denies the remainder of the allegations contained in Paragraph 12.A of the Petition.

12.B. Paragraph 12(B) of the Petition contains one or more conclusions of law to which no response is required. To the extent a response is required, the Respondent admits the following: one of the victims involved in the Petitioner's Plymouth County case was the same as the victim involved in his Bristol County trial; the Petitioner's guilty plea in the Plymouth County case was accepted by the same judge who presided over his Bristol County trial; the Petitioner was represented by the same attorney in the Plymouth County case as in the Bristol County case; and the plea in the Plymouth County case was entered while the Bristol County case was on appeal. Further answering, the Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 12.B of the Petition that "[t]he District Attorney threatened 9 to 15 years on and after," and therefore denies that allegation. The Respondent denies the remaining allegations contained in Paragraph 12.B of the Petition.

12.C. Paragraph 12.C of the Petition contains one or more conclusions of law to which no response is required. To the extent a response is required, the Respondent states that the opinion of the Massachusetts Supreme Judicial Court in Commonwealth v. Casey, 442 Mass. 1 (2004), speaks for itself. Further answering, the Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 12.C of the Petition that the Petitioner's defense was based on certain testimony and/or facts, and therefore

denies that allegation. The Respondent otherwise denies the remaining allegations contained in Paragraph 12.C of the Petition.

12.D Paragraph 12.D of the Petition contains one or more conclusions of law to which no response is required. To the extent a response is required, the Respondent admits that certain portions of Chapter 6, Sections 178C through 178P, and Chapter 123A of the Massachusetts General Laws were amended after the Petitioner was sentenced in connection with his Bristol County conviction. The Respondent otherwise denies the remaining allegations contained in Paragraph 12.D of the Petition.

13. The Respondent admits the allegation contained in Paragraph 13 of the Petition that the allegations contained in Paragraph 12.D of the Petition were not previously presented to any other court. The Respondent is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Petition and therefore denies such allegations.

14. The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Petition, and therefore deny those allegations.

15. The Respondent is without knowledge or information sufficient to form a belief as to the truth of whether the attorneys listed in Paragraph 15 of the Petition were the only attorneys who represented the Petitioner in the judgment attacked, but otherwise admits the allegations contained in Paragraph 15 of the Petition.

16. The Respondent admits the allegations contained in Paragraph 16 of the Petition.

17. The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Petition, and therefore denies those allegations.

In accordance with Rule 5(b), the Respondent states that the Petitioner has failed to exhaust available state-court remedies, pursuant to 28 U.S.C. § 2254(b), before filing his Petition, and that the Petitioner's action is defective for the reasons stated in the Affirmative Defenses listed below. The other information and/or materials required by Rule 5 Relevant are contained in Respondent's Appendix Accompanying his Answer, which is filed herewith.

**First Affirmative Defense**

The Petition fails to state a claim for which relief may be granted.

**Second Affirmative Defense**

The Petitioner has failed to exhaust remedies available to him under State law. See 28 U.S.C. § 2254(b).

**Third Affirmative Defense**

The Petition raises questions that do not challenge the lawfulness of the Petitioner's conviction or custody. See 28 U.S.C. § 2254(a).

**Fourth Affirmative Defense**

The Petition challenges state court determinations on questions of state law.

**Fifth Affirmative Defense**

The Petition raises questions of State law and other questions that do not allege a violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a).

**Sixth Affirmative Defense**

The Petition raises challenges to credibility determinations by the trier of fact that are not cognizable on federal habeas corpus review.

**Seventh Affirmative Defense**

To the extent that the Petitioner's claims were decided on the merits by the courts of Massachusetts, such adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d)(1).

**Eighth Affirmative Defense**

To the extent that the Petitioner's claims were decided on the merits by the courts of Massachusetts, such adjudication did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the Petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. See 28 U.S.C. § 2254(d)(2).

**Ninth Affirmative Defense**

The Petition challenges the convictions, judgments, and/or dispositions of multiple state courts.

**Tenth Affirmative Defense**

To the extent that the Petition can be read as including claims not stated on its face, it is defective for failing to assert all claims, along with the underlying grounds, underlying facts, and relief requested for each claim.

**Eleventh Affirmative Defense**

The Petitioner's conviction rests on adequate and independent state law grounds.

**Twelfth Affirmative Defense**

The Petition should be dismissed for insufficiency of process.

**Thirteenth Affirmative Defense**

The Petition should be dismissed for insufficiency of service of process.

**Fourteenth Affirmative Defense**

The Petition is moot and thus does not raise a justiciable case or controversy.

**Fifteenth Affirmative Defense**

The Respondent is an improper party because he is no longer the custodian of the Petitioner.

**Sixteenth Affirmative Defense**

The Petition fails to name or join one or more indispensable parties.

**Seventeenth Affirmative Defense**

This Court lacks subject matter jurisdiction to hear the Petition.

The Respondents respectfully reserve the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Randall E. Ravitz
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

Dated: April 11, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on April 11, 2005, by first class mail, postage prepaid, upon:

Stephen John Casey, Sr.
W-67232
North Central Correctional Institute
500 Colony Road
P.O. Box 466
Gardner, MA 01440

pro se

/s/ Randall E. Ravitz
Randall E. Ravitz