UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN JOHN CASEY, SR.,

       Petitioner,

                                          Civil Action No. 04-11940-PBS

v.

STEVEN O'BRIEN,
Superintendent of North Central
Correctional Institute,

       Respondent.

REPORT AND RECOMMENDATION
ON RESPONDENT'S MOTION TO DISMISS

SOROKIN, M.J.

On September 13, 2004, Stephen Casey, Sr. filed a pro se petition with this Court under 28 U.S.C. § 2254, challenging his criminal conviction at the Bristol County Superior Court, New Bedford, in the Commonwealth of Massachusetts on October 20, 1999.[1] Petition for Writ of Habeas Corpus (the "Petition"). In his petition, Casey advances four separate grounds for challenging this one conviction.[2] Id. at ¶ 12(A)-(D). The Respondent moved to dismiss the Petition on December 27, 2004, arguing that Casey had failed to exhaust his state remedies as to the claims set forth in the Petition. Respondent's Mem. Supp. Mot. to Dismiss at pg. 7.

The Court entered a briefing schedule on the merits of the Petition on December 30,

---

[1] This is the correct date of conviction, through the Petition incorrectly states Casey's conviction date as October 16, 1998.

[2] Casey discusses another case filed against him in Brockton Superior Court, but does not appear to raise any challenges of that case here.

1

2004, and, at that time, ordered Casey to file a brief in support of his petition by January 27, 2004, with Respondent's opposition due by February 28, 2004. Briefing Order, Docket Entry #10. Although Casey did file a timely merits brief, he failed to file a pleading in opposition to the Motion to Dismiss. On February 3, 2005 the Court ordered that "Petitioner Casey shall respond to the motion to dismiss within 30 days." Electronic Order dated 2/3/2005. Casey failed to comply with the Court's directive, although the docket does state that mail to Casey was returned as undeliverable. On May 10, 2005, in a letter to the Clerk, Casey stated that he had been released from prison and that the prison did not forward his mail. Letter from Stephen John Casey, Sr. dated 5/6/05, Docket Entry #36. He went on to state that "If this [his petition] can go forward on what has been submitted, with a good review, I have nothing further to add at this point." Id. Thus, this Memorandum recommends resolution of the Motion to Dismiss in light of Casey's merits brief, the Respondent's Merits brief and the Respondent's Memorandum in Support of its Motion to Dismiss.

## DISCUSSION

Federal law requires Casey to exhaust state court remedies of any federal claims prior to filing his petition. 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Title I, §§ 101, 106, 110 Stat. 1217, 1220; see Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997) (noting requirement that petitioner must present his federal claim to the state's highest tribunal); Mele v. Fitchburg Dist. Ct, 850 F.2d. 817, 819 (1st Cir. 1988) (requiring exhaustion of state remedies before federal review "ensures that state courts have the first opportunity to correct their own constitutional errors"). This he did not do.

The SJC summarized Casey's appeal as raising issues relating to an alternate juror's presence during deliberations, in addition to allegations that "(1) the victim engaged in conduct during trial that improperly influenced the jury, and counsel was ineffective for failing to adequately address that conduct; (2) the weight of the evidence does not support a conviction because the victim had motive to accuse the defendant and gave inconsistent accounts; (3) and, defense counsel's failure to investigate...the victim [s' possible] mental disorder amounted to ineffective assistance of counsel." Casey, 442 Mass. at 3.  In this Court, Casey raised four challenges to his conviction in his petition: (1) denial of effective assistance of counsel based on a witness's changed testimony; (2) unlawfully induced plea; (3) shading of facts by the Massachusetts Supreme Judicial Court; and (4) the imposition of ex post facto charges.  Petition at pgs. 5-6 (A)-(D).

None of the claims in the Petition, each of which arise under federal law, were raised in Casey's briefs to the Massachusetts Supreme Judicial Court, nor were these claims addressed by that Court in its decision in Commonwealth v. Casey, 442 Mass. 1 (2004).  In his brief in support of the petition, Casey has disclaimed any desire to proceed on unexhausted claims, Petitioner's Brief, pg. (ii), thus effectively conceding to the motion to dismiss.  In any event, Casey's failure to present the federal law claims to the SJC bars the entire petition.

Ordinarily, this would end the matter.  Casey purports to try to limit his claims, however, to those "that were presented to and denied by the Massachusetts Supreme Court." Petitioner's Brief, pg. (ii).[3]  To the extent Casey seeks to substitute these claims made to the SJC for the

---

[3] Notwithstanding the concessions, Casey's Brief does address matters not exhausted in state court.  See, e.g., Petitioner's Brief at 12-13.

claims set forth in the Petition, Casey has not moved to amend his Petition. And, Casey cannot simply rely on his lawyer's arguments before the SJC to advance his state court claims in federal court because the legal standard has changed. Now, he must show that the SJC's decision was "contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States" or involved "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), 2254(d)(2). Understandably his lawyer's brief did not address these questions before the SJC. Thus, at this point in this case, Casey may not substitute his claims submitted to the SJC for the claims set forth in his petition.

To the extent Casey argues that the Petition's federal claims are "interrelated and connected" with "and remain the same as were in front of the SJC," Petitioner's Brief at pg. (ii), he is incorrect. "Arguments" or claims that arise under different laws, with different elements and standards, are manifestly not the same. Casey's claims before the SJC all arose under the Massachusetts Declaration of Rights, Massachusetts' General Laws, and/or Massachusetts' Rules of Criminal Procedure. In his brief to the SJC, he cited, only, Massachusetts law and he argued, only, under Massachusetts law. The only hint of any federal claim raised before the SJC comes in Casey's concluding statements to his arguments that his rights under the 5th, 6th, and 14th Amendments to the United States Constitution were violated in addition to his rights under Massachusetts law.[4] Thus, the federal law claims in Casey's Petition are not "interwoven and

---

[4]For example, Section II (C) concludes that trial defense counsel's failures "violat[ed] defendant's rights to a fair trial under Article 12 of the Massachusetts Declaration of Rights and the 5th and 14th Amendments to the United States Constitution," while Section III (C) concludes "defendant's rights to competent representation under Article 12 of the Massachusetts Declaration of Rights and the 6th and 14th Amendments" Brief of Appellee/Cross Appellant

connected with" his state law claims before the SJC even if both arise out of the same facts.

For example, a lead argument advanced in state court -- the impropriety of the alternate juror's presence with the jury during deliberations, the issue on which the original trial judge granted Casey a new trial but was reversed by the Supreme Judicial Court – was briefed before and resolved by the SJC only on state law grounds. Casey, 442 Mass. at 4. This court may only review federal law claims; it has no jurisdiction over claims made under state law. This court cannot review this issue as presented to the SJC; nor may the court review any *federal* law claim arising out of the alternate juror's presence with the jury during deliberations because Casey has not exhausted his state court remedies with respect to any such claim.

For the reasons stated above, this court recommends to the District Judge to whom this case is assigned that the Motion to Dismiss be ALLOWED.[5]

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

Date: June 10, 2005.

---

Steven Casey (SJC- 9187) at pgs.32, 41.

[5]  The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 10 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.